**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Thomas Spencer, Merickia Singer, Melvin Mallernee, Amy Hunt Hunt, Noeleen Tucker, Mark Andes, Francis MIllhone, Diana White, Willie Jones, Michele Joyner Hayes, Alana Emert, Mark Dannowitz, Mary Carlisle, Tammy Johnson, Melanie Hicks, Domica Dandridge, Carolyn Ann Jones, Donna Jean Cinbatti, William Woods JR, Angela Kay Langford, Frances Schlosser, Christa Carrol Blewitt, Penny Samon, Sally A Roddy, Andrea Young, Marcie Burwell, George Sargent, Dorothy Woolington, Kimberly Bennett, Dawnisha Cliff, Michelle Joyner Hayes, Royann Armour, Ruth Jewsbury, Catherine Davis, Theresa Hickey, Tammy Spears, Tykia Green, Linda Bradshaw, Ashley Boyster, PhIllip Davis, Sandra Wright, Jeri Gentry, Merickia Singer, Samantha Southerland, Jamie Bunkley, Sharity Humphrey, Jerry Sanowski, Tammy Johnson, Shamonla Graves, Leberth Highes, Sandra Sorrell, Mary Smith, Timothy Funk, Kendall Joplin, Linda Transoli, Jessica Poor, Penny Samon, Prince Eubanks, Takesha Walters, Troy Collins, Cherry Brown, Catherine Essien, and Annette Smith, individually and on behalf of similarly situate employees,<br>      Plaintiffs, on behalf of themselves and all other similarly situated Plaintiffs, known and unknown.<br><br>Vs.<br><br>First Student Management LLC, and First Student Inc.,<br>      Defendants. | Case No. |

NOW COME PLAINTIFFS, Thomas Spencer, Merickia Singer, Melvin Mallernee, Amy Hunt Hunt, Noeleen Tucker, Mark Andes, Francis MIllhone, Diana White, Willie Jones, Michele Joyner Hayes, Alana Emert, Mark Dannowitz, Mary Carlisle, Tammy Johnson, Melanie Hicks,

Domica Dandridge, Carolyn Ann Jones, Donna Jean Cinbatti, William Woods JR, Angela Kay Langford, Frances Schlosser, Christa Carrol Blewitt, Penny Samon, Sally A Roddy, Andrea Young, Marcie Burwell, George Sargent, Dorothy Woolington, Kimberly Bennett, Dawnisha Cliff, Michelle Joyner Hayes, Royann Armour, Ruth Jewsbury, Catherine Davis, Theresa Hickey, Tammy Spears, Tykia Green, Linda Bradshaw, Ashley Boyster, PhIllip Davis, Sandra Wright, Jeri Gentry, Merickia Singer, Samantha Southerland, Jamie Bunkley, Sharity Humphrey, Jerry Sanowski, Tammy Johnson, Shamonla Graves, Leberth Highes, Sandra Sorrell, Mary Smith, Timothy Funk, Kendall Joplin, Linda Transoli, Jessica Poor, Penny Samon, Prince Eubanks, Takesha Walters, Troy Collins, Cherry Brown, Catherine Essien, Annette Smith, and for their Complaint against Defendants First Student Management LLC, and First Student Inc., states as follows:

1.      Plaintiffs bring this action on behalf of themselves and a class of others similarly situated employees seeking to require defendants to pay back wages owed to them and the proposed plaintiff classes, wages which defendants failed to pay pursuant to state and Federal law.

**Parties**

2.      Thomas Spencer is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

3.      Merickia Singer is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

4.      Melvin Mallernee is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

5.      Amy Hunt Hunt is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

6.      Noeleen Tucker is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

7.      Mark Andes is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

8.      Francis Millhone is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

9.      Diana White is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

10.      Willie Jones is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

11.      Michele Joyner Hayes is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

12.      Alana Emert is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

13.      Mark Dannowitz is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

14.      Mary Carlisle is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

15.      Tammy Johnson is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

16.     Thomas Spencer is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

17.     Melanie Hicks is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

18.     Domica Dandridge is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

19.     Carolyn Ann Jones is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

20.     Donna Jean Cinbatti is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

21.     William Woods JR is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

22.     Angela Kay Langford is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

23.     Frances Schlosser is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

24.     Christa Carrol Blewitt is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

25.     Penny Samon is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

26.     Sally A Roddy is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

27.     Andrea Young is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

28.     Marcie Burwell is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

29.     George Sargent is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

30.     Dorothy Woolington is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

31.     Kimberly Bennett is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

32.     Dawnisha Cliff is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

33.     Michelle Joyner Hayes is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

34.     Royann Armour is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

35.     Ruth Jewsbury is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

36.     Catherine Davis is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

37.     Theresa Hickey is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

38. Tammy Spears is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

39. Tykia Green is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

40. Linda Bradshaw is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

41. Ashley Boyster is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

42. PhIllip Davis is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

43. Sandra Wright is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

44. Jeri Gentry is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

45. Merickia Singer is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

46. Samantha Southerland is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

47. Jamie Bunkley is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

48. Sharity Humphrey is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

49.     Jerry Sanowski is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

50.     Tammy Johnson is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

51.     Shamonla Graves is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

52.     Leberth Highes is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

53.     Sandra Sorrell is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

54.     Mary Smith is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

55.     Timothy Funk is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

56.     Kendall Joplin is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

57.     Linda Transoli is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

58.     Jessica Poor is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

59.     Penny Samon is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

60.     Prince Eubanks is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

61.     Takesha Walters is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

62.     Troy Collins is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

63.     Cherry Brown is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

64.     Catherine Essien is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

65.     Annette Smith is a resident of Illinois and a true copy of a "Consent to Join" form is attached hereto.

66.     All of the foregoing parties shall be denominated as "Plaintiff" and shall be referred herein collectively as "the Plaintiffs"

67.     First Student Management LLC ("First Student"), is a foreign corporation with offices located at 1610 Brandt Ct, Decatur, Illinois.

68.     First Student Inc. is a foreign corporation with its principle offices located at 705 Central Avenue, Cincinnati, Ohio, and is the parent corporation of First Student Management LLC.

69.     At all times hereto, First Student Management LLC acted as an agent or alter ego of First Student Inc., thereby rendering both and the other joint employers under the applicable state and federal statutes relied upon herein and rendering both and the other  liable for any and all acts or omissions on the part of the other.

70.     Collectively, First Student Management LLC and First Student Inc. are referred

herein as "First Student".

## Introduction

71.     During and before 2013, Plaintiffs were employed by First Student as bus drivers and driver assistants, in the intrastate transportation of students to local municipal schools and providing students intrastate transportation to extracurricular activities such as various extracurricular activities.

## The Bus Yards

72.     Based upon preliminary good faith investigation, between 2013 and the date of this complaint, First Student operated and/or continues to operate out of approximately forty (40) separate bus yards in the state of Illinois.

73.     First Student operates a bus yard located at 301 Il-48, Argenta, Illinois.

74.     First Student operates a bus yard located at 4421 Airport Road, Bartonville, Illinois.

75.     First Student operates a bus yard located at 1000 Swanson Drive, Batavia, Illinois.

76.     First Student operates a bus yard located at 2012 Mascoutah Avenue, Belleville, Illinois.

77.     First Student operates a bus yard located at 1111 McKinley Ave, Belvidere, Illinois.

78.     First Student operates a bus yard located at 1355 N 5th Street, Charleston, Illinois.

79.     First Student operates a bus yard located at 1202 Lebanon Road, Collinsville, Illinois.

80.     First Student operates a bus yard located at 827 Cleveland Avenue, Danville, Illinois.

81.     First Student operates a bus yard located at 1610 Brandt Court, Decatur, Illinois.

82.     First Student operates a bus yard located at 2652 Wagner Court, DeKalb, Illinois.

83.    First Student operates a bus yard located at 1700 Jerome Lane, East Saint Louis, Illinois.

84.    First Student operates a bus yard located at 950 Lyman Street, Galesburg, Illinois.

85.    First Student operates a bus yard located at 17 Commercial Court, Glen Carbon, Illinois.

86.    First Student operates a bus yard located at 22W760 Poss Street, Glen Ellyn, Illinois.

87.    First Student operates a bus yard located at 113 South Union Street, Griggsville, Illinois.

88.    First Student operates a bus yard located at 8600 67th Street, Hodgkins, Illinois.

89.    First Student operates a bus yard located at 751 Eastgate Industrial Pkwy, Kankakee, Illinois.

90.    First Student operates a bus yard located at 1300 Pekin Street, Lincoln, Illinois.

91.    First Student operates a bus yard located at 1290 Woodcock Road, Macon, Illinois.

92.    First Student operates a bus yard located at 1010 S Washington Street, Manito, Illinois.

93.    First Student operates a bus yard located at 455 Elm Street, Mount Zion, Illinois.

94.    First Student operates a bus yard located at 31W330 Schoger Drive, Naperville, Illinois.

95.    First Student operates a bus yard located at 487 Industrial Drive, Naperville, Illinois.

96.    First Student operates a bus yard located at 2000 Eagle Road, Normal, Illinois.

97.    First Student operates a bus yard located at 2800 Old Willow Road, Northbrook,

Illinois.

98.     First Student operates a bus yard located at 3625 W Washington Street, Park City, Illinois.

99.     First Student operates a bus yard located at 15763 Aptakisic Road, Prairie View, Illinois.

100.    First Student operates a bus yard located at 1902 1st Avenue, Rock Falls, Illinois.

101.    First Student operates a bus yard located at 1500 Wright Boulevard, Schaumburg, Illinois.

102.    First Student operates a bus yard located at 16951 State Street, South Holland, Illinois.

103.    First Student operates a bus yard located at 555 S Dirksen Pkwy, Springfield, Illinois.

104.    First Student operates a bus yard located at 619 US-45, Tolono, Illinois.

105.    First Student operates a bus yard located at 812 S Glover Avenue, Urbana, Illinois.

106.    First Student operates a bus yard located at 250 W 63rd Street, Westmont, Illinois.

107.    First Student operates a bus yard located at 1000 N Streetate Street, Westville, Illinois.

108.    First Student operates a bus yard located at 200 Shepard Avenue, Wheeling, Illinois.

109.    First Student operates a bus yard located at 2400 W Caton Farm Road, Woodridge, Illinois.

110.    First Student operates a bus yard located at 910 Sak Drive, Crest Hill, Illinois.

111.    First Student operates a bus yard located at 425 North Villa Avenue, Villa Park,

Illinois.

112.    First Student operates a bus yard located at 501 North Market Street, Paxton, Illinois.

113.    In and before 2013, and persisting until the time of this complaint, defendant First Student violated Federal and Illinois state law by failing to abide by the respective wage and hour laws.

114.    First Student's acts and omissions constituting violations include, but are not limited to, refusing to pay drivers and assistants for time actually spent working for First Student, failing to pay employees "time and a half" for all overtime, and failing to keep accurate time records.

115.    Plaintiffs bring the Federal Law claims, Counts I and II, in this action pursuant to the Fair Labor Standards Act and the Portal to Portal Act, seeking unpaid wages, liquidated damages, interest, costs and attorney's fees.

116.    Plaintiffs bring the Illinois claims, Counts III and IV, in this action pursuant to Illinois law on their own behalf and on behalf of employees similarly situated, pursuant to 820 ILCS Section 115, seeking unpaid wages, attorney's fees and cost and other available remedies under the statute including but not limited to the 2% monthly interest award on any and all wages found to be owed.

### Jurisdiction and Venue

117.    Jurisdiction over plaintiffs' federal claims alleged in Counts I through II is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standard Act ("FLSA) and 28 U.S.C. § 1331 (Federal Question).

118.    Jurisdiction over plaintiffs' state law claims alleged in Counts III through VI is

conferred upon this Court by 28 U.S.C. §1367(a)(Supplemental Jurisdiction).

119.    Venue is proper in the Northern District, Eastern Division because, as alleged above, First Student operates its bus yards from multiple locations within the Northern District, Eastern Division.  Furthermore, numerous named Plaintiffs are residents of the Northern District, Eastern Division.

## Interstate Commerce

120.    Based upon preliminary good faith investigation, First Student is a nationwide provider of student bus transportation with operations in 42 different states.

121.    Based upon preliminary good faith investigation, First Student operates an enterprise engaged in interstate commerce within the meaning of the FLSA.

122.    Based upon preliminary good faith investigation, for each of the three (3) years preceding the filing of this complaint, First Student has employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that be been moved or produced for commerce."

123.    Based upon preliminary good faith investigation, First Student grossed more than $500,000.00 in the past fiscal year.

124.    Plaintiffs, and members of the Plaintiff Class, at all time relevant hereto, were "employee(s)" as the term is defined by 29 U.S.C. §203(e).

125.    First Student was, at all times relevant hereto, an "employer" as that term is defined by 29 U.S.C. §203(d).

## Allegations as to Willful Violations

126.    Based upon preliminary good faith investigation, First Student's violations in this case were "willful" violations and not the result of any mistaken impression of the applicable law

13

as they were warned of the impropriety of their conducted on multiple occasions.

127.    Pursuant to two (2) Freedom of Information Act (FOIA) requests, Plaintiffs secured multiple investigations by the United States Department of Labor (USDOL) of First Student and its subsidiaries for a period of ten (10) years. Contained with the production were six (6) instances of First Student violating the FLSA, ultimately resulting in the imposition of civil penalties as a result of First Student's "history of violations." The relevant investigations are summarized as follows:

   a.  Case 1321753. Investigation report dated 2/24/04, location Hudson, New Hampshire. First Student's contention that school bus drivers are exempt from overtime under the FLSA was rejected. Total overtime back-wages due: $5,245.00.

   b.  Case 1332520. Investigation report dated 9/11/04, location Hanson, Massachusetts. First Student's contention that school bus drivers are exempt from overtime under the FLSA was rejected. Total overtime back-wages due: $3,081.61.

   c.  Case 1455596. Investigation report dated 12/27/11, location Sheffield Ohio. First Student violated FLSA and directed to pay 52 bus drivers for overtime. Total overtime back-wages due: $16,707.73.

   d.  Case 1525848. Investigation report dated 11/21/08, location Elyria, Ohio. First Student's violated FLSA and directed to pay bus driver for overtime. Total overtime back-wages due: $185.31.

   e.  Case 1537033. Investigation report dated 7/30/09, location Englewood, New Jersey. First Student was order to pay back-wages and overtime to school bus

14

dispatchers pursuant to a "self-audit". Total overtime back-wages due: $420,428.61.

f. <u>Case 1560444</u>. Investigation report dated 10/5/10, location St. Louis, Missouri. First Student found to have violated FLSA for two employees. Civil penalties assessed due to First Student's "history of violations." Total overtime back-wages due: $2,230.88.

g. <u>Case 1455596</u>. Investigation report dated 12/27/11, location Hudson, New Hampshire. First Student's contention that school bus drivers are exempt from overtime under the FLSA was rejected. Total overtime back-wages due: $5,245.00.

128. Pursuant to an Illinois Department of Labor Freedom of Information Act, 5 ILCS 140/1 *et seq.*, Plaintiffs secured multiple investigations by the Illinois Department of Labor concerning First Student and its subsidiaries for a period of ten (10) years.

129. Contained within the production were six (6) instances of First Student violating Illinois wage and hour laws. The relevant investigations are summarized as follows:

a. IDOL File No.: 10-002763. Wage Payment Demand dated 5/10/11, location Naperville, Illinois, the Honorable Michael Haggerty, ALJ, ordered First Student to pay $162.50 in unpaid wages.

b. IDOL File No.: 10-004519. Wage Payment Demand dated 1/24/11, First Student was ordered to pay $135.50 in unpaid wages.

c. IDOL File No.: 10-000755. Wage Payment Demand dated 11/16/11, location Springfield, Illinois, the Honorable Michael Haggerty, ALJ, ordered First Student pay $1,427.31 in unpaid wages.

d.  IDOL Wage Claim No.: 11-003316.  Wage Payment demand dated 12/03/12, location Naperville, Illinois, the Honorable Sharon Ballin, ALJ, ordered First Student to pay $13,296.80 in unpaid wages and $4,450.00 in liquidated damages.

e.  IDOL File No.: 12-001693.  Pursuant to a Wage Claim dated 3/18/12, location South Holland, Illinois, First Student pay $43.10 in unpaid wages.

130.    Pursuant to a New Jersey Open Records Act request, Plaintiffs secured multiple investigations by the New Jersey Department of Labor and Workforce Development (NJDOL) concerning First Student and its subsidiaries for a period of ten (10) years.

131.    Contained with the production were six (6) instances of First Student violating the New Jersey's Wage and Hour law, ultimately resulting in the imposition of significant civil penalties as a result of First Student's "history of violations" of other state wage and hour laws, similar to the wage and hour laws of Illinois.  The relevant investigations are summarized as follows:

a.  Case GE-1268-0611-WAL.  Investigation report dated 4/25/11, location Lawnside, New Jersey. First Student was ordered to pay $439.27 in wages, $43.93 in fees and a penalty of $500.00.

b.  Case GE-1947-0711-MAT.  Investigation report dated 9/17/11, location Englewood, New Jersey. First Student was ordered to pay a penalty of $500.00 for the failure to promptly pay wages.

c.  Case GE-2861-0804-HOL.  Investigation report dated 6/21/04, location Englewood, New Jersey. First Student was ordered to pay $10,630.78 in wages, $1,063.08 in fees and a penalty of $2,000.00.

16

       d.   Case GE-4002-1206-HAO. Investigation report dated 12/6/06, location Delran, New Jersey. First Student was ordered to pay $1,637.40 in wages, $163.74 in fees and a penalty of $250.00.

       e.   Case GE-1789-0308-KEL. Investigation report dated 3/7/08, location Gardner, New Jersey. First Student was ordered to pay a penalty of $250.00 for the failure to keep payroll records.

       f.   Case GE-1825-0610-MUL. Investigation report dated 7/12/10, location Great Meadows, New Jersey. First Student was ordered to pay $405.27 in wages, $40.53 in fees and a penalty of 50.00.

132.    Federal law and the relevant federal regulations require that the First Student maintain time records. See, 29 U.S.C.A. § 211(c).

133.    Illinois state law also requires the maintenance of adequate time records. *See* 820 ILCS Section 115 et. seq.  Failure to do so is a violation of Illinois Administrative regulations subjecting violators to potential administrative penalties.

134.    First Student does not maintain time records, but rather estimates payroll based upon timestamps provided through an equipment inspection system which produces Electronic Vehicle Inspection Reports ("the EVIR system"), for inspection records required to be maintained pursuant to Federal Department of Transportation regulations.

135.    Illinois Wage and Hour Law requires every employee shall be paid for all time which they must be present at the employer's place of business; and,

136.    Illinois Wage and Hour Law requires every employee shall be paid 1.5 their regular wage for all hours worked beyond 40 hour in any given week.

137.    First Student consistently fails to pay employees for all time worked.

138. Based upon preliminary good faith investigation, First Student's compensation policies and practices relative to its bus drivers was a calculated choice, risking the chance of prosecution against the cumulative savings from non-payment of wages due and owing.

139. Because First Student's history bespeaks of willful violations of both Federal and State Law, the three (3) year statute of limitations under the FSLA applies in this matter.

**Class Representation FLSA - Counts I through II**

140. Pursuant to 29 U.S.C. §216(b), Plaintiffs bring the claims alleged in Counts I through II on behalf of themselves and an opt-in class of all persons who were, are or will be hourly non-exempt bus drivers and driver assistants employed by First Student, who earned, but did not receive proper payment under federal law ("the Proposed FLSA Class").

141. Plaintiffs contend that class representation is appropriate because:

    a) Based upon preliminary good faith investigation , the size of the proposed class is so numerous that joiner of all individual members would be impracticable as the Proposed FLSA Class exceeds 9,000-12,000 individual members;

    b) The named Plaintiffs are adequate class representatives because they are directly impacted by First Student's acts and omissions and the interests of the named plaintiffs are not antagonistic to the proposed class as a whole

    c) The primary counsel representing the named Plaintiffs, Patrick Cronin and Steven Berkowitz of Cronin & Berkowitz, have in excess of 20 years of experience as trial attorneys and both attorneys have successfully represented similar plaintiffs against First District for identical claims;

    d) Common questions of law and fact are involved, specifically related to First Student's accounting and pay practices; these common fact questions include,

but are not limited to

    i.   Whether First Student unlawfully and willfully failed to pay straight and overtime compensation to members of the Proposed FLSA Class in violation of the FLSA;

    ii.   Whether the members of the Proposed FLSA Class are non-exempt employees entitled to overtime payment under the FLSA for all hours in excess of 40 hours in any given workweek;

    iii.   Whether First Student employed the members of the Proposed FLSA Class within the meaning of federal law;

    iv.   Whether First Student failed to keep accurate time records for all hours worked by members of the Proposed FLSA Class;

    v.   The proper measure of damages for member of the Proposed FLSA Class;

e)  First Student's acts and omissions have affected the proposed class in an equal manner and continued misconduct would similarly affect the proposed class members, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole appropriate.

**Class Representation – Illinois Wage Payment and Collection Act - Counts III through IV**

142.    Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS Section 115 et. seq. (IWPCA), Plaintiffs bring the claims alleged in Counts III through IV on behalf of themselves and similarly situated employees who were, are or will be hourly non-exempt bus drivers and driver assistants employed by First Student, who earned, but did not receive proper payment under state law ("the Proposed IWPCA Class").

143. Plaintiffs contend that class treatment pursuant to FRCP 23 is appropriate because:

   a) The size of the proposed class is so numerous that joiner of all individual members would be impracticable as the Proposed IWPCA Class exceeds 9,000 to 12,000 individual members;

   a) The named plaintiffs are adequate class representatives because they are directly impacted by First Student's acts and omissions and the interests of the named plaintiffs are not antagonistic to the proposed class as a whole;

   b) The attorneys representing the named plaintiffs each have in excess of 20 years of experience as attorneys, which has included representational litigation:

      i. Kaighn v Idea Life, CAM-L-4414-01;

      ii. Devone v Citgo, CAM-L-4726-08

      iii. King v. First Student, Dkt: 11cv05015 (JBS);

      iv. Singleton v First Student, Dkt: 13cv01744(JEI);

      v. Hensley v First Student, Dkt: 15cv03811(JHR).

   c) Common questions of law and fact are involved, specifically related to First Student's accounting and pay practices; these common fact questions include, but are not limited to

      i. Whether First Student unlawfully and willfully failed to pay straight and overtime compensation to members of the Proposed IWPCA Class in violation of the IWPCA and the relevant regulations promulgated under the IWPCA;

      ii. Whether the members of the Proposed IWPCA Class are non-exempt employees entitled to overtime payment under the IWPCA for all hours in

excess of 40 hours in any given workweek;

iii.    Whether First Student employed the members of the Proposed IWPCA Class within the meaning of state law;

iv.    Whether First Student failed to keep accurate time records for all hours worked by members of the Proposed IWPCA Class;

v.    The proper measure of damages for member of the Proposed IWPCA Class;

d) First Student's acts and omissions have affected the proposed class in an equal manner and continued misconduct would similarly affect the proposed class members, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole appropriate.

## COUNT I
### (FLSA – Claim For Unpaid Time at Regular Rate of Pay)

144.    At the time First Student agrees to a contract to provide student transportation for a particular school district, First Student secures an estimate as to the approximate time it would take to drive each route under the contract ("Estimated Route Times").

145.    These Estimated Route Times are imputed to a computer program named FOCUS.

146.    These Estimated Route Times are compiled for each driver to form a "Standard Hours" estimate of the projected time the employee will work for a given week.

147.    At the start of each work day the FOCUS system generates an agenda of bus route tasks that must be performed and assigns a driver to each route.

### (a) Preliminary and Postliminary Activities

148.    The drivers and assistants are instructed to appear at First Student's bus yard at a pre-designated time, typically 7:30 a.m. for morning runs and 1:30 p.m. for afternoon runs.

149.    At the time they arrive at the yard, the drivers and assistants stand in line to receive their route assignment for the day.

150.    After receiving their assignments and keys, the drivers, accompanied in most instances by their assistants (bus aides/monitors), proceed to their bus.

151.    Once at the bus, the driver logs into the EVIR system with their employee badge.

152.    It is at this time the driver/aide is "on the clock" and it is at that time the employee begins receiving compensation.

153.    Even though drivers and assistants arrive at First Student's work site at a pre-designated time, they are not paid "on the clock" until they store the inspection report in the EVIR system.

154.    Plaintiffs estimate that on average, the time between when the employee reports for work, secures their work assignment, commence their inspection and the point in time they swipe into the EVIR system, six minutes have elapsed.

155.    Defendants are not recording the time expended by their employees for these "preliminary activities" and the employees are not being paid for these preliminary activities.

156.    The aforementioned preliminary activities are an essential element of the driver's duties under Federal and state law and pursuant to the defendant's own policies.

157.    When the drivers return to the lot after their bus run, they are required by law and pursuant to First Student requirements to conduct a post-trip inspection of their vehicle.

158.    Once the driver's vehicle is parked, the driver again logs into the EVIR system.

159.    It is at this point in time that the Driver and their assistants are "off the clock", and any work performed after this point is not recorded or compensated by defendant.

160.    After the driver swipes in for the post-trip EVIR system inspection, they must

complete the inspection itself, clean out the bus, perform a "sleeping child" inspection, report any issues or problems to the office and return their equipment.

161.    Plaintiffs estimate that, on average, six minutes elapse between the point in time between the driver logging into the EVIR system for the post-trip inspection and the point in time they are ready to complete all of their employment related tasks.

162.    Defendants are not recording the time expended by their employees for these "postliminary activities" and the employees are not being paid for these postliminary activities.

163.    The aforementioned postliminary activities are an essential element of the driver's duties under Federal and state law and pursuant to the defendant's own policies.

### (b) Shifting Time Keeping Burden

164.    When the driver logs into the EVIR system for the pre-trip inspection, an electronic message is given to the FOCUS system notifying the system that the driver has commenced his pre-trip inspection; this becomes an entry in the Standard Hours Report as the "Task Start Time".

165.    When the driver logs into the EVIR system for the post-trip inspection, another electronic message is given to the FOCUS system notifying the system the driver has commenced his post-trip inspection; this becomes an entry in the Standard Hours Report as the "End Task Time".

166.    The elapsed time between the Task Start Time and the End Task time is compared to the Estimated Route Time and if the former is within a tolerance set in the Focus system the driver is paid for the Estimated Route Time.

167.    Plaintiffs are entitled to be paid for all time worked including the time within the tolerance setting, plus the undocumented preliminary activity time and the postliminary activity time.

168.     In the event the time between the Task Start Time and the End Task Time is greater than the Estimated Route Time plus the tolerance, the system is designed to create an exception report.

169.     These exception reports are routinely ignored and the driver/aide is only paid the Estimated Route Time, which is less than the time actually worked.

170.     Where a driver does complain that they have not been paid for all time worked, pursuant to the defendant's own written policy and procedure, the burden falls upon the complaining employee to "document" the extra time.

171.     By failing to maintain accurate time records of time actually worked by the employee, rather than an estimated projected amount of time worked by an employee and by shifting the burden of demonstrating the actual time worked to an employee, where the duty lies solely with the employer pursuant to Federal and Illinois law, First Student has endemically and systematically violated both Federal and State law.

### (c) Dead Time

172.     When a driver is assigned a "charter run" and there is gap time between the end of a regular run and the charter run, this time is designated "dead time".

173.     First Student would, on many occasions, shift the time incurred on a charter run to a latter pay period for the employee, thereby avoiding overtime payments.

174.     Drivers and their assistants are not compensated for this time.

175.     On a regular basis, when all of the drivers' hours are properly counted, the drivers work more than 40 hours per week.

176.     Pursuant to the FLSA, plaintiffs and the members of the Proposed FLSA Class are entitled to be paid for all straight time worked during weeks their hours exceed forty (40) hours.

177. First Student has refused and continues to refuse to pay drivers and their assistants for all straight time worked.

178. The failure of First Student to pay for all straight time worked by the plaintiffs during all weeks these drivers worked more than forty (40) hours is a violation of the FLSA.

**WHEREFORE**, plaintiffs pray for judgment awarding:

a) The certification of this matter as an "opt-in" class action under Section 216(b) of the FLSA ; and,

b) Awarding actual Damages, including back pay; and,

c) Liquidated Damages; and,

d) An extension of the limitations period applicable to this case to three years; and,

e) Imposition of counsel fees and costs; and,

f) Any and all other equitable remedies the court may deem appropriate.

**Count II**
**(FLSA - Overtime Claims)**

179. The factual allegations set forth in the forgoing paragraphs are repeated and realleged as if set forth here at length.

180. During the course of employment, Plaintiffs and members of the Potential FLSA Class, have, on regular occasions, worked more than forty hours per week.

181. The drivers' point of origin and point of termination for all trips, regular and charter are in the State of Illinois and any travel over interstate boundaries is *de minimis* when compared to the total number of miles driven by Plaintiffs in any given year.

182. Any interstate travel by any Plaintiff is not integral to that Plaintiff's job.

183. Under the FLSA, First Student is require to compensate plaintiffs and the members

of the Potential FLSA Class one and one half (150%) of their regular rate of compensation for all hours worked over 40 hours, including partial hours.

184.    In an attempt to avoid this obligation, First Student divides the time expended into "Regular" and "Charter Rate" categories and under reports time actually worked by an employee.

185.    As long as the number of hours does not exceed 40 for any given category, even though the total number of hours worked in a given week exceeds forty (40) hours, the drivers and drivers' assistants would only be paid their regular rate of pay.

186.    The failure to pay overtime rates for all hours worked in excess of 40 hours for any employee is a violation of the FLSA.

**WHEREFORE**, plaintiffs pray for judgment awarding:

a)    The certification of this matter as an "opt-in" class action under Section 216(b) of the FLSA ; and,

b)    Actual Damages, including back pay; and,

c)    Liquidated Damages; and,

d)    An extension of the limitations period applicable to this case to three years; and,

e)    Imposition of counsel fees and costs; and,

f)    Any and all other equitable remedies the court may deem appropriate.

## COUNT III
### (IWPCA - Straight Time Claim)

187.    The factual allegations set forth in the foregoing paragraphs are repeated and realleged as if set forth here at length.

188.    Pursuant to the IWPCA, plaintiffs and the members of the Proposed IWPCA Class are entitled to be paid for all time they are required to be at their place of work.

189.     First Student has refused and continues to refuse to pay drivers and assistants for all time worked which is not overtime, i.e. "straight time".

190.     The failure of First Student to pay for all straight time worked by is a violation of the IWPCA.

**WHEREFORE**, plaintiffs pray for judgment awarding:

a)  The certification of the IWPCA claims  as an "opt-in" class action under FRCP 23; and,

b)  Awardng actual damages, including back pay; and,

c)  Imposition of counsel fees and costs; and,

d)  Any and all other equitable remedies the court may deem appropriate.

## Count IV
### (IWPCA - Overtime Claims)

191.     The factual allegations set forth in the forgoing paragraphs are repeated and realleged as if set forth here at length.

192.     Under the IWPCA, First Student is required to compensate Plaintiffs and the members of the Potential IWHL Class one and one half (150%) of their regular rate of pay for all hours worked over 40 hours, including partial hours..

193.     As set forth above, First Student has failed and refused to pay overtime as required by the IWPCA.

194.     The failure to pay overtime compensation for all hours worked in excess of 40 hours for any plaintiff or member of the Proposed IWPCA Class is a violation of the IWPCA.

**WHEREFORE**, plaintiffs pray for judgment awarding:

a)  The certification of the IWPCA claims  as an "opt-in" class action under FRCP 23; and,

b)  Awarding of actual Damages, including back pay; and,

c)  Imposition of counsel fees and costs; and,

d)  Any and all other equitable remedies the court may deem appropriate.

FOR THE PLAINTIFF(S):

By:  /s/William P. Foley_____
Attorney for Plaintiffs

**October 13, 2015**

Karl W. Roth, Esq.
William P. Foley, Esq.
ROTH LAW GROUP LLC
Attorneys for Plaintiff s
150 N. Michigan Avenue, Suite 800
Chicago, Illinois  60601
(312) 419-9599
kwr@rothlawgroup.com
wpf@rothlawgroup.com