UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS SPENCER, et al., | |
| Plaintiffs, | |
| v. | No. 15 C 9069 |
| | Judge James B. Zagel |
| FIRST STUDENT MANAGEMENT LLC, and FIRST STUDENT, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

In this action, Plaintiffs allege that Defendants First Student Management LLC and First Student, Inc. (collectively, "First Student" or "Defendants") violated the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115 *et seq*. (the "IWPCA"), by failing to pay them straight time and overtime wages. Plaintiffs' Complaint sets forth four separate causes of action: a Straight Time Claim under the FLSA (Count I), an Overtime Claim under the FLSA (Count II); a Straight Time Claim under the IWPCA (Count III), and an Overtime Claim under the IWPCA (Count IV).

This matter is presently before me on First Student's Motion to Dismiss Counts I, III, and IV of the Complaint under Rule 12(b)(6). For the following reasons, Defendants' motion is granted.

**BACKGROUND**

First Student operates bus yards throughout Illinois and employed Plaintiffs as bus drivers or driver assistants in the intrastate transportation of students to local municipal schools and to extracurricular activities. On October 13, 2015, Plaintiffs filed their Complaint alleging they were owed wages for "off the clock work," including time spent standing in line to receive

assignments, conducting post-trip inspections, and waiting between regular bus runs and charter bus runs. Plaintiffs further allege that they were not always paid for the time spent on their bus route. When the drivers start their pre-trip inspection, they log into a computer system and then log out when they start their post-trip inspection. Plaintiffs contend that if the time between the log in and log out are within a certain tolerance setting, drivers are not paid for the time actually spent on the bus route but instead are paid an estimated route time calculated by First Student.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id*. at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

### I. Plaintiffs' Straight Time Claim under the FLSA (Count I)

Count I of the Complaint seeks compensation under the FLSA for uncompensated straight time—that is, uncompensated time that should have been paid at the regular rate of pay as opposed to the overtime rate—worked by class members during weeks where their hours exceeded the statutory threshold of 40. Count II, it should be mentioned, seeks compensation under the FLSA for uncompensated overtime pay during those same weeks. Although Defendants do not dispute the validity of Count II, they argue that Count I fails to state a legally

viable claim under the FLSA's statutory framework, and I agree.

There are two protections under the FLSA that provide a private cause of action: (1) employers are required to pay employees at or above a prescribed minimum wage and (2) employers are required to pay an overtime premium if and when employees work more hours in a particular workweek than the statutory threshold. *See* 29 U.S.C. § 215. Absent a showing that an employer failed to compensate an individual at or above the minimum wage or failed to pay the appropriate premium for hours worked in excess of the statutory maximum, therefore, there exists no cause of action for Plaintiffs to assert under the FLSA. *See Espenscheid v. DirectSat USA, LLC*, No. 09-CV-625-BBC, 2011 WL 10069108, at *14 (W.D. Wis. Apr. 11, 2011).

Both the Seventh Circuit and the Supreme Court have been silent on this issue. Plaintiff argues that I should follow the decisions of other district courts in this circuit that, unlike the *Espenscheid* Court, allow claims such as Count I to go forward. *See, e.g.*, *Jones v. C & D Techs., Inc.*, 8 F. Supp. 3d 1054, 1073 n.13 (S.D. Ind. 2014). These courts largely base their decision on the Department of Labor's interpretation of the FLSA's overtime requirements, as codified in 29 C.F.R. §§ 778.315, 778.317. Section 778.315 states that overtime compensation "cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid." Section 778.317 states that "[a]n agreement not to compensate employees for certain nonovertime hours [is impermissible] since it would have the same effect of diminishing the employee's total overtime compensation."

Contrary to the Department of Labor's interpretation of the law, however, I cannot accept the idea that the FLSA implicitly provides a third private right of action—the recovery of

3

straight time pay that exceeds the minimum wage—*only* when a worker's hours exceed the statutory threshold for overtime pay. As Judge Crabb articulated in *Espenscheid*:

> [T]he cases holding otherwise [allowing straight time FLSA claims] do not explain how the potentially arbitrary consequences of their rules are supported by the language of the FLSA. In particular, they do not explain adequately why the remedial purpose of the FLSA is furthered by prohibiting employees who work just below the overtime threshold from asserting gap-time claims, but allowing an employee who works just one hour or one minute past the overtime threshold to assert such a claim. I can find no language in the FLSA to support such a rule.

*Espenscheid*, 2011 WL 10069108, at *13.

Because Plaintiffs do not allege that Defendants failed to pay them minimum wage, Count I of the Complaint is dismissed with prejudice.

## II. Plaintiffs' IWPCA Claims (Counts III and IV)

Defendants argue that Plaintiffs' IWPCA Claims fail because Plaintiffs do not allege any contract or agreement between Plaintiffs and Defendants that would give Plaintiffs any right to straight time or overtime pay. The IWPCA provides, in pertinent part:

> For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer *pursuant to an employment contract or agreement* between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation.

820 ILCS 115/2 (emphasis added).

Courts in this District have interpreted the IWPCA to mean that the IWPCA mandates only that employers honor contracts made with employees, but does not confer independent substantive rights to minimum wage or overtime pay. S*ee, e.g., Nat'l Metalcrafters v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986) (holding that the IWPCA was preempted by federal law and stating that "[t]he only thing the [IWPCA] requires is that the employer honor his contract.").

4

As Defendants correctly point out, the Complaint fails to allege the existence of a contract or agreement within the meaning of the IWPCA, and such a contract or agreement is a prerequisite to a claim under the IWPCA. Because Plaintiffs argue in their response brief that a contract does exist even though the Complaint failed to mention it, I am dismissing Counts III and IV without prejudice and granting Plaintiffs leave to amend.

## CONCLUSION

Defendants' motion to dismiss is granted. Count I of the Complaint is dismissed with prejudice. Counts III and IV are dismissed without prejudice, and Plaintiffs are granted leave to amend the Complaint.

ENTER:

*James B. Zagel*
United States District Judge

DATE: February 22, 2016